IS ott, J.
That such a congregation actually exists, as is described in the deed, that it has occupied the land so conveyed from the time of the conveyance, and is still in the enjoyment of it, is admitted. But it is contended, that it has not been incorporated and therefore has no legal existence.
Whether it is incorporated or not we do not know, as there does not appear to have been any evidence on that point. The plaintiffs’ intestate however accepted the deed in character of trustee. He therefore admitted the fact, and thereby dispensed with the necessity of further proof on the part of the defendant. He could not acquire a title by possession to land which he held as trustee. And having no title himself, he could convey none to the defendant.
It is however further contended, that, as trustee, the legal title was in him; and that the defendant is not entitled to relief in a court of law. Without going into the enquiry how far a court of law will take notice of a trust in such a case, it is sufficient that we can see that a court of equity would give relief. The jury therefore have decided according to the justice of the case. And this court do not feel bound to aid'the plaintiffs, in the sacrilegious act which they $re attempting to commit. We will not grant a new trial, *469 for the purpose of driving the parties into another court, when we see that justice has been done.
Herndon, for the motion.
Thomson, contra.